# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS OMOLLO, : | |
|    Petitioner : | CIVIL ACTION NO. 3:17-1039 |
| v : | (JUDGE MANNION) |
| WARDEN, YORK COUNTY PRISON,: | |
|    Respondents : | |

## **MEMORANDUM**

**I.    Background**

On June 14, 2017, Petitioner, Thomas Omollo, an immigration detainee of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), currently housed in York County Prison, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. (Doc. 1). At the time of petition, Omollo was in pre-final immigration detention, and challenged his prolonged detention, requesting he be granted a bond hearing. Id. Simultaneous to the above captioned petition, Omollo was pursuing, in the United States Court of Appeals for the Third Circuit, a petition for review of the Immigration Court's decision to deny his applications for asylum, for withholding of removal and for protection under the Convention Against Torture. See Omollo v. Att'y Gen., No. 17-2306 (3d Cir. 2017).

By Order dated October 30, 2017, the Court, finding that Respondent did not oppose Petitioner's request for a bond hearing, granted the petition for

writ of habeas and directed that Petitioner be granted a bond hearing. (Doc. 7).

Presently before the Court is Respondent's motion to stay and to amend and vacate this Court's October 30, 2017 Order, granting the habeas petition. (Doc. 8). No brief in opposition has been filed. For the reasons that follow, Respondent's motion will be granted.

## II. DISCUSSION

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation for manifest errors of law or fact or to present newly discovered evidence which, if discovered previously, might have affected the court's decision. Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quineros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has

"...misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996), quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus. Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In support of his motion for reconsideration, Respondent states that at the time of their response to the petition, Omollo was in pre-final order detention and his detention was governed by 8 U.S.C. §1226(c), which mandates the detention of aliens with certain criminal convictions during the pendency of their removal proceedings. See also Leslie v. Attorney Gen. of U.S., 678 F.3d 265, 270 (3d Cir. 2012) (finding that where an alien benefits from a stay of removal following an administratively final order of removal,

Section 1226 continues to provide the statutory authority for detention).

However, on October 4, 2017, prior to this Court's Order, the Court of Appeals dismissed Omollo's petition for review at Omollo's request and dismissed the stay of proceedings. (See Doc. 9-1 at 7, Order). The dismissal of Omollo's pending petition for review converted his mandatory detention under Section 1226 to post-final order detention under Section 1231. See e.g, Leslie, 678 F.3d at 269-70; Jones v. Sabol, 2010 WL 4384251, at *4 (M.D. Pa. Oct. 29, 2010) ("[I]f Jones chooses not to file a petition for review with the Third Circuit Court of Appeals, or if he files a petition for review and a motion for stay, and the motion is denied, then his order of removal will become administratively final . . . . After an order of removal becomes final, an alien is detained under the post-final Order provisions of 8 U.S.C. §1231(a)."); Wilson v. Green, 2016 WL 4571389, at *2-3 (D. N.J. Sept. 1, 2016) (concluding that alien's detention during period of temporary stay of removal was governed by §1226(c), and governed by §1231 after the Court of Appeals for the Third Circuit denied the alien's motion for stay and vacated the temporary stay of removal). Because Respondent's motion presents evidence regarding Omollo's detention, which, if available at the time of this Court's October 30, 2017, would have affected this Court's decision, the Court will grant Respondents' motion for reconsideration, and vacate its October 30,

2017 Order granting Omollo a bond hearing. The Court, however, will not reopen the above captioned action.

When Omollo commenced this action, he was subject to pre-final order detention, and was detained under 8 U.S.C. §1226(c). Because Omollo's removal order became final on October 4, 2017, he is no longer being detained pursuant to Section 1226. Therefore, Omollo's claim pursuant to that section is necessarily moot because he is now subject to a final order of removal.[1] Rodney v. Mukasey, 340 Fed.Appx. 761, 764 (3d Cir. 2009) (finding that the change in the procedural posture of the case from pre-final order to post-final order mooted petitioner's challenge to pre-final order detention under section 1226(c) because "[t]he injury alleged, unreasonably long pre-final order of removal detention under 8 U.S.C. §1226(c), can no longer be redressed by a favorable judicial decision"). Omollo is permitted, however, to file a new section 2241 petition challenging his post-removal order under 8 U.S.C. §1231. Consequently, Respondent's motion for reconsideration of

---

[1] Federal courts may adjudicate "only actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477–78 (1990). To be an actual case or controversy, there must be injury that "is likely to be redressed by a favorable decision. Valley Forge Christian College v. Amercans United for Separation of Church and State, Inc., 454 U.S. 464, 472 (1982) (quoting Simon v. Eastern Kentucky Welfare Rights Org., 426 U.S. 26, 38 (1976)) The necessity of an actual case or controversy continues through all stages of the proceeding, including appeals. Lewis, 494 U.S. at 477–78.

this Court's Order granting a bond hearing will be granted and Omollo's petition for writ of habeas corpus will be dismissed as moot.

An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated:    May 18, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-1039-01.wpd